IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CR3031 |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| SUSAN BAISDEN-KONING, | ) | |
| | ) | |
| Defendants. | ) | |

Defendant Susan Baisden-Koning has filed a Motion to Exclude Evidence Tainted by Attorney-Client Privilege Violation, for Return and Destruction of Inadvertently Disclosed Documents, and for Evidentiary Hearing. Filing No. 94. Defendant Susan Baisden-Koning claims the government obtained attorney-client privileged information and intends to offer this information against her at trial. Specifically, Susan Baisden-Koning claims attorney Todd McWha represented both her husband, defendant Michael Koning, and Walter and Deb Weaver on alleged tax evasion matters arising from tax returns prepared by defendant Lowell Baisden; Todd McWha may have disclosed privileged information to the government during his representation of the Weavers; and letters between Michael Koning and Todd McWha were inadvertently disclosed by Michael Koning to the government. Citing Rules 501 and 502 of the Federal Rules of Evidence, Susan Baisden-Koning asks the court for an order requiring the government to return or destroy letters exchanged between Todd McWha and defendant Michael Koning; for a hearing to determine if the government has obtained and intends to use evidence tainted by a violation of the attorney-client privilege in pursuing its charges against her; and for an order precluding the government from offering any evidence arising from any breach of the attorney-client privilege, including any testimony by the Weavers to the extent it may include privileged information conveyed to them by Todd McWha.

Defendant Susan Baisden-Koning's brief explains:

> The manifest danger here is that McWha violated the attorney-client privilege by disclosing confidential information to either the government or to the Weavers. If the Weavers' testimony or any of the government's other evidence is tainted by a violation of the privilege, it should not be admissible in this case.

Filing No. 95. As to Susan Baisden-Koning, the merits of her argument rest on the threshold question is whether she can assert the attorney-client privilege as to any communications from or to attorney Todd McWha. "In general, the attorney-client privilege is personal and cannot be asserted by anyone other than the client." U.S. v. Hatcher, 323 F.3d 666, 674 n. 2 (8th Cir. 2003). There is no evidence or argument before the court to support finding an attorney-client relationship ever existed between Susan Baisden-Koning and Todd McWha. Whatever the merits of Michael Koning's motions to preclude evidence derived from disclosures of his attorney-client communications with Todd McWha, absent any showing of her own attorney-client relationship with McWha, Susan Baisden-Koning has no standing to pursue such claims.

Accordingly,

IT IS ORDERED that defendant Susan Baisden-Koning's Motion to Exclude Evidence Tainted by Attorney-Client Privilege Violation, for Return and Destruction of Inadvertently Disclosed Documents, and for Evidentiary Hearing, (filing no. 94), is denied.

DATED this 7th day of September, 2010.

BY THE COURT:

s/ *Cheryl R. Zwart*
United States Magistrate Judge